IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHANE ANTONIO TALLEY #144257, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:23-cv-00983 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DICKSON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Shane Antonio Talley, an inmate at the Dickson County Jail ("Jail"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding his access to legal resources at the Jail. (Doc. No. 1.) He also filed an application to proceed without prepaying the filing fee. (Doc. No. 5.) This case is before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, this case will be dismissed.

**I.    Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to do so is accompanied by the required documentation. (Doc. No. 5 at 3–6); 28 U.S.C. § 1915(a)(2). This application reflects that Plaintiff does not have sufficient funds to pay the full filing fee in advance. Accordingly, Plaintiff's application will be granted, and he will be assessed the $350.00 filing fee in the accompanying Order. 28 U.S.C. § 1915(b).

**II.   Initial Review**

The Court must review the Complaint and dismiss any part that is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court must also hold this pro se pleading to "less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    A.    <u>Alleged Facts</u>

The Complaint names a single Defendant: the Dickson County Jail. (Doc. No. 1 at 1–2.) To establish the following summary of allegations, the Court has taken judicial notice of certain publicly available information and liberally construed both the Complaint and a supplemental filing titled "Violation of Constitutional Rights." (Doc. No. 4.) The Court accepts these factual allegations as true for present purposes.

Plaintiff is a pretrial detainee. (Doc. No. 1 at 4.) He is currently facing four drug charges and two weapons charges in Dickson County Circuit Court, and the attorney representing Plaintiff on these charges is Tommy Overton.[1]

Plaintiff has requested "law books" to "work on [his] case" since arriving at the Jail on June 24, 2023. (Doc. No. 4 at 1.) Plaintiff made a request for certain resources on August 21, 2023, and staff members at the Jail responded that "they don't have any" and referred him to the kiosk. (Doc. No. 1 at 4–6; Doc. No. 4 at 1.) The kiosk, however, brings up only "cases" and does not have Plaintiff's desired resources. (Doc. No. 1 at 4; Doc. No. 4 at 1.) As of September 8, 2023—the signature date on the Complaint—Plaintiff had a "court date [] coming up," and the lack of legal resources meant that he did not "have the tools to properly fight [his] case." (Doc. No. 1 at 7, 11.) And as of September 19, 2023—the signature date on the supplemental filing—Plaintiff had been "unprepared" for "two court dates." (Doc. No. 4 at 1, 4.) Plaintiff believes this deprivation of legal materials is an intentional effort to keep inmates "in the blind about [their] constitutional rights." (Doc. No. 1 at 5; Doc. No. 4 at 1.)

---

[1] *See Dickson County Online Court Records System*, https://dickson.tncrtinfo.com/crCaseForm.aspx?id= 60C62C70-2EC8-4BCE-8935-430ACA427A3C (last visited Oct. 18, 2023); Fed. R. Evid. 201(b) (permitting judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

B.  Legal Standard

To complete the required initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470– 71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

C.  Analysis

Plaintiff is proceeding under 42 U.S.C. § 1983, which permits individuals to bring civil claims based on violations of "the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). Here, the Court need not address the state-action requirement because Plaintiff has not plausibly alleged that he suffered a violation of federal law.

Plaintiff's allegations implicate the First Amendment right of access to the courts. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) ("That inmates have a well-established constitutional right to access the courts, based in part on the First Amendment, is clear."). But inmates do not have "an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[L]aw libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds v. Smith*, 460 U.S. 817, 828 (1977)). Instead of providing access to an adequate law library, therefore, a state

can protect an inmate's "right of access to the courts" by appointing him a lawyer. *See Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) (citations omitted) ("[A] prisoner's constitutionally-guaranteed right of access to the courts [is] protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, *or the assistance of legally trained personnel*.") (emphasis in original); *Wylie v. Bonner*, No. 220CV02593TLPTMP, 2021 WL 261280, at *8 (W.D. Tenn. Jan. 26, 2021) (citing *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("Appointment of counsel can be a valid means of satisfying the constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts."). Here, Plaintiff is being represented by counsel in his pending criminal case, so he cannot state a claim for a violation of his right to access the courts with respect to those proceedings.

As for any case in which Plaintiff is *not* represented by counsel, Plaintiff cannot state a claim for interference with access to the courts unless he "demonstrate[s] that the alleged shortcomings in the library or legal assistance program hindered [his] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 354. "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Here, aside from the state criminal case discussed above, the only pending or contemplated litigation referenced in the Complaint is another civil rights case in this Court. (Doc. No. 1 at 10 (citing *Talley v. Dickson County Jail, et al.*, No. 3:23-cv-00808 (M.D. Tenn.).) But Plaintiff does not allege that he suffered any actual prejudice as to that case, and it is clear from the record that any alleged shortcoming of the legal resources at the Jail did not prevent Plaintiff from bringing that case or cause him to miss therein a court-imposed deadline. "[O]nce in court," moreover, inmates do not have a "constitutional right . . . to litigate

effectively." *Phillips v. DeWine*, 841 F.3d 405, 420 (6th Cir. 2016) (citing *Lewis*, 518 U.S. at 354; *Hill v. Dailey*, 557 F.3d 437, 439 (6th Cir. 2009)). Plaintiff's allegations of inadequate legal resources at the Jail, therefore, do not amount to a violation of federal law.

## III. Conclusion

For these reasons, Plaintiff will be granted pauper status, this case will be dismissed with prejudice for failure to state a claim, and the court will certify that any appeal in this matter would not be taken in good faith. Plaintiff, therefore, will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3)

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE